IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-52-BO

| | | |
|---|---|---|
| JOHN FUHR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26, 28]. A hearing was held in Elizabeth City, North Carolina on January 13, 2015. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) for review of the Commissioner's decision denying his claim for disability insurance benefits and supplemental security income pursuant to Title II of the Social Security Act. Mr. Fuhr filed his claim on June 10, 2009, alleging an onset date of March 30, 2009. [Tr. 122–25, 615]. His claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared, and the ALJ rendered an unfavorable decision on May 6, 2011. [Tr. 624]. The Appeals Council denied Mr. Fuhr's request for review, and plaintiff then filed a civil action which resulted in a remand to the Commissioner for further fact-finding. [Tr. 597–603]. The Appeals Council subsequently remanded Mr. Fuhr's case back to an ALJ, who held a new hearing on May 17, 2013. On June 7, 2013, the ALJ rendered another unfavorable decision. [Tr. 64]. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. Mr. Fuhr then sought review in this Court.

1

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* To be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* In the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work or if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date, the ALJ determined that Mr. Fuhr's degenerative disc disease, shoulder impingement, and obesity qualified as severe impairments at step two. [Tr. 552]. The ALJ then found that Mr. Fuhr did not have an impairment or

combination of impairments that met or equaled a listing and had a residual functional capacity (RFC) to perform a reduced range of sedentary work. [Tr. 555–56]. Specifically, the ALJ found that Mr. Fuhr could not climb, crawl, or be exposed to industrial hazards, could only reach overhead with his right arm occasionally, and had to be permitted to sit or stand at will. [Tr. 556]. The ALJ then determined that plaintiff was unable to perform his past relevant work as a mechanic, auto parts worker, or delivery driver, but that jobs existed in the national economy in significant numbers that plaintiff would be able to perform. [Tr. 562–63]. According, the ALJ found that Mr. Fuhr was not disabled as of the date of the opinion. [Tr. 564 ].

A reviewing court should uphold an ALJ's decision "even if we disagree with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Plaintiff argues that the ALJ erred in determining that plaintiff was capable of full-time work. The ALJ's finding that Mr. Fuhr was capable of full-time work as long as he was provided the opportunity to sit or stand at will is supported by substantial evidence. [Tr. 559]. In concluding that plaintiff could work full-time, the ALJ relied on the treating source opinions. The ALJ gave Dr. Miller's opinion "significant weight" and limited Mr. Fuhr to sedentary work as recommended by Mr. Gonzalez. [Tr. 560, 497]. The only part of the treating source opinions that the ALJ disagreed with was that plaintiff continue with part-time work. It is important to note that none of the treating sources stated that that Mr. Fuhr was incapable of full-time work—their view that he was capable of doing part-time work is not necessarily consistent with the maximum exertionary level at which he was capable of working. Moreover, the statements by treating sources Dr. Miller and Mr. Gonzalez date from 2009, four years before the ALJ's decision. Later records demonstrate that Mr. Fuhr's pain was under control, and he reported doing well, working, hard, and doing heavy lifting after their reports. [Tr. 799]. For

3

example, in December 2012, Dr. Gootman said that Mr. Fuhr's pain was controlled and he was doing well on medication. [Tr. 776]. Lastly, the ability to work is an issue reserved to the Commissioner. 20 C.F.R. § 414.1527(d)(3); *see also Morgan v. Barnhart*, 142 Fed. App'x 716, 722 (4th Cir. 2005) ("the ALJ is under no obligation to give a treating physician's *legal conclusions* any heightened evidentiary value") (emphasis in original). In sum, the ALJ had a sound basis for not agreeing with the view that Mr. Fuhr should be limited to part-time work and his decision not to include a part-time limitation is supported by substantial evidence.

Plaintiff's argument about his ability to perform other jobs in the economy likewise focuses on whether he can work full-time. As discussed *supra*, the lack of a limitation to part-time work is supported by substantial evidence, therefore Mr. Fuhr's argument about his ability to perform other jobs in the economy fails.

Mr. Fuhr also argues that the ALJ should have considered his personality disorder, PTSD, and depressive disorder severe impairments. Plaintiff testified that he does not use medication for depression or PTSD. [Tr. 553–54] He also stated that he was able to do heavy lifting at work despite these conditions. [Tr. 799]. Moreover, his psychiatrist stated that the depressive disorder was in a chemotherapeutic remission. [Tr. 411]. The ALJ spent a significant amount of time assessing Mr. Fuhr's mental impairments in terms of the four functional areas set out in the disability regulations for evaluating mental disorders and concluded that Mr. Fuhr's mental impairments cause no more than mild limitations within the functional areas laid out in section 12.00C of the Listing of Impairments, 20 C.F.R., Pt. 404, Supbt. P, App'x 1. Mr. Fuhr is able to perform most daily living activities independently, alleged no difficulty getting along with co-workers or the public, demonstrated the ability to retain and follow instructions, and has not had

an y episodes of decompensation. [Tr. 554–55]. The ALJ's determination that these impairments caused no more than mild limitations is supported by substantial evidence.

Mr. Fuhr's arguments that his military service and history of treatment for pain should have been considered by the ALJ in making a credibility finding likewise fail. The record demonstrates that the ALJ was aware of plaintiff's history of pain treatment, his military service, his VA treatment, and his VA rating. [Tr. 553, 562]. The ALJ, at minimum, partially credited Mr. Fuhr's testimony by modifying the RFC to allow him to sit or stand at will [TR. 559]. Accordingly, the ALJ did not err in assessing plaintiff's credibility.

The ALJ carefully considered all of the evidence in the record in making the determination that Mr. Fuhr is not disabled. Substantial evidence clearly supports the ALJ's findings, and as such, it is proper to affirm the ALJ's determination that plaintiff is not disabled and is not entitled to benefits.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 26] is DENIED, and defendant's motion for judgment on the pleadings [DE 28] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __26__ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE